Filed 5/29/24  P. v. Bates CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JAMES BATES,<br><br>        Defendant and Appellant. | C099611<br><br>(Super. Ct. No. 94F00475) |

Appointed counsel for defendant James Bates asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  We affirm.

BACKGROUND

Defendant and two others entered the victim's house, bound his hands, beat him, and strangled him with a belt and a coat hanger.  Defendant and his confederates stole

1

items from the house and left.  The victim may have been alive when they left, but he was found dead two days later.

The operative complaint charged defendant with murder, robbery, and burglary.  It alleged defendant committed the murder while engaged in the commission of a robbery.  It also alleged defendant had a prior serious felony conviction and had served a prior prison term.

In 1995, defendant pled guilty to first degree murder and admitted to the prior serious felony conviction and prior prison term allegations.  The trial court dismissed the remaining counts and allegation.  The court sentenced defendant to 31 years to life in prison consisting of 25 years to life for the murder, five years for the prior serious felony conviction, and one year for the prior prison term.  The court imposed a restitution fine of $6,488 and victim restitution of $3,512.

In March 2023, defendant filed a motion to dismiss the $6,488 restitution fine and a corresponding $6,488 parole revocation restitution fine (Penal Code, § 1202.45; further undesignated section references are to the Penal Code) pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill No. 1869).[1]  The trial court denied defendant's motion, concluding Assembly Bill No. 1869 did "not alter the validity of [d]efendant's restitution fine or restitution to the victim."

Defendant filed a timely notice of appeal.  He did not obtain a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

---

[1]  The record does not indicate that the trial court imposed a parole revocation restitution fine.  Section 1202.45 did not become effective until August 3, 1995, more than five months after defendant's sentencing.  (Stats. 1995, ch. 313, § 6.)

issues on appeal. (*People v. Wende, supra,* 25 Cal.3d at pp. 441 - 442 .) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

In *People v. Delgadillo* (2022) 14 Cal.5th 216, the California Supreme Court held that *Wende* procedures do not apply in appeals from the denial of section 1172.6 postjudgment petitions. (*Delgadillo*, at pp. 224-226.) Thus, in this appeal from the denial of postjudgment relief, we are not required to examine the entire record to look for arguable grounds for reversal. (*Id*. at p. 228.) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a supplemental brief but did not, we could dismiss the appeal as abandoned. (*Id*. at p. 232.) However, we have discretion to conduct a *Wende* review. (*Ibid*.) We exercise that discretion here.

Assembly Bill No. 1869 added section 1465.9 to the Penal Code. As enacted by Assembly Bill No. 1869, subdivision (a) of that section initially provided: "On and after July 1, 2021, the balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2020, ch. 92, § 62.) It did not include section 1202.4, which authorizes the imposition of restitution fines and victim restitution, or section 1202.45, which authorizes the imposition of parole revocation restitution fines, among the sections addressed.

Subsequently, in Assembly Bill No. 177 (2021-2022 Reg. Sess.) (Assembly Bill No. 177), the Legislature amended section 1465.9 to provide, in part, that, "[o]n and after January 1, 2022 the balance of any court-imposed costs pursuant to Section 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be

3

unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35.) Assembly Bill No. 177 repealed section 1202.4, former subdivision (l), which authorized county boards of supervisors to "impose a fee to cover the actual administrative cost of collecting the restitution fine." (Stats. 2021, ch. 257, §§ 19, 20.) However, this legislation kept the remainder of section 1202.4 intact, including the authorization for restitution fines (§ 1202.4, subd. (b)) and victim restitution (§ 1202.4, subd. (f)). Even where it applies, section 1465.9's relief, insofar as relevant here, is limited to "court-imposed costs" (§ 1465.9, subd. (b)); it does not eliminate restitution fines or awards of restitution to victims. The Legislature's expressly stated purpose in Assembly Bill No. 177 was "to eliminate the range of *administrative fees* that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of *administrative fees*." (Stats. 2021, ch. 257, § 2, italics added.) Lastly, section 1465.9 does not mention section 1202.45.

In short, there is no support for the premise that the Legislature intended to provide relief from restitution fines, parole revocation restitution fines, or victim restitution. Defendant was not entitled to relief on his motion. This does not give rise to an arguable issue on appeal.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's August 21, 2023, order denying defendant's motion to dismiss restitution pursuant to Assembly Bill No. 1869 is affirmed.


/s/
MESIWALA, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
KRAUSE, J.